IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>J'ME McLAUGHLIN,<br><br>Debtor, | Case No. 17-17302-MDC<br><br>Chapter 13 |
| REGIONAL ACCEPTANCE CORPORATION,<br><br>Movant,<br><br>v.<br><br>J'ME McLAUGHLIN and<br>WILLIAM C. MILLER, Chapter 13 Trustee,<br><br>Respondents. | |

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW, comes Regional Acceptance Corporation (the "Movant"), by and through its undersigned counsel, Bernstein-Burkley, P.C., files this *Motion for Relief from the Automatic Stay* (the "Motion"), and in support thereof states as follows:

PARTIES

1. Movant is a corporation with office in Wilson, NC.

2. J'me McLaughlin (the "Debtor") is an adult individual with a place of residence located at 800 E. 24th Street, Chester, PA 19013.

3. William C. Miller, is the duly appointed Chapter 13 Trustee and is currently acting in such capacity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a "core" proceeding under 28 U.S.C. §157(b)(2)(G).

5. Venue is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Sections 105 and 362 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, "Bankruptcy Code") and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") serve as the statutory bases for the relief requested by Movant in this Motion.

## FACTUAL BACKGROUND

7. On or about March 12, 2014, the Debtor purchased a 2013 Chrysler Town & Country Extended Passenger Van Touring 3.6L V6 VIN 2C4RC1BGDR526631 (the "Vehicle"), pursuant to a Retail Installment Sale Contract (the "Agreement") with the Movant. A true and correct copy of which is attached hereto as **Exhibit A**.

8. The Movant has a secured interest in the Vehicle as evidenced by the Dealertrack Technologies Report. A true and correct copy of which is attached hereto as **Exhibit B.**

9. The Agreement requires 72 monthly payments of $590.01 due on or before the 3rd of each month.

10. The Debtor has not made a payment since September 30, 2017. The Debtor is in post-petition arrears of approximately $2,407.24. Debtor is due for the November 2017 payment and each payment thereafter. A true and correct copy of which is attached hereto as **Exhibit C.**

11. The current payoff of the Contract is $24,614.43.

12. The N.A.D.A value of the Vehicle is $10,300.00. A true and correct copy of which is attached hereto as **Exhibit D.**

## PROCEDURAL HISTORY

13. On October 27, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") at case number 17-17302-MDC (the "Case").

14. The Debtor listed the Movant as a secured creditor with claim of $23,076.00, at Document No. 1.

15. The Movant filed a Proof of Claim for its secured claim in the amount of $23,181.66 (Claim 1).

16. In the Debtor's Chapter 13 Plan, at Document No. 2, the Debtor proposed to cure the pre-petition arrears through the plan and continue to make direct payment, outside of the plan, to the Movant for the installment payments pursuant to the Agreement.

## RELIEF REQUESTED

17. Through this Motion, Movant seeks the entry of an order granting Movant relief from the automatic stay to repossess the Vehicle.

## LEGAL BASIS FOR RELIEF REQUESTED

18. Section 362(a) of the Bankruptcy Code defines the scope of the automatic stay and provides, in pertinent part: "[A] petition filed under… this title… operates as a stay… of –

> (1) The commencement … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> …
> (3) Any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11 U.S.C. § 362(a)(1),(3).

19. Section 362(d) of the Bankruptcy Code provides, in pertinent part:

    (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –

      (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

      (2) with respect to a stay of an act against property under subsection (a), if –
       (A) the debtor does not have an equity in such property; and
       (B) Such property is not necessary to an effective reorganization[.]

11 U.S.C. §362(d).

20. Movant believes and avers that it is entitled to a grant relief from stay under both Section 362(d)(1) and (2).

21. With respect to Section 362(d)(1), the Debtor is in post-petition arrears $2,404.24, which has caused the Movant to go without payment for nearly five months.

22. With respect to Section 362(d)(2), Movant is owed over $24,614.43, and the estimated value of the Vehicle is $10,300.00.

23. Thus, to the extent the Debtor has any equity in the Vehicle, it is not sufficient to adequately protect Movant's interest in the Vehicle.

24. Therefore, the Movant respectfully requests that the Court grant it relief from the automatic stay to pursue its rights and remedies in the state court to repossess the Vehicle for the reasons stated above.

## WAIVER OF 14-DAY STAY OF EFFECTIVENESS OF THE ORDER

25. Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay. . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3).

26. The Movant also requests that this Honorable Court waive the fourteen (14) day stay imposed by Bankruptcy Rule 4001(a)(3) because the Movant has not received any full payment since November 2017 on the Contract.

## RESERVATION OF RIGHTS

27. Movant specifically reserves its rights to request approval and payment of any administrative claim(s) pursuant to Section 503(b) of the Bankruptcy Code, to amend its proof of claim to include any additional fees and costs incurred, including attorneys' fees, and to seek any other relief available under, *inter alia*, the Agreement, the Bankruptcy Code or applicable non-bankruptcy law.

WHEREFORE, Movant respectfully submits the foregoing Motion and request that this Honorable Court enter an Order granting the relief from Automatic Stay with respect to the 2013 Chrysler Town & Country Extended Passenger Van Touring 3.6L V6 VIN 2C4RC1BGDR526631. It is further requested that this grant of relief from stay shall remain in full force and effect, notwithstanding any subsequent conversion of this case to another chapter.

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

By: /s/ Keri P. Ebeck
Keri P. Ebeck
PA I.D. # 91298
kebeck@bernsteinlaw.com
707 Grant Street, Suite 2200
Pittsburgh, PA 15219
412-456-8112
Fax: (412) 456-8120

*Counsel for Regional Acceptance Corporation*

Dated: March 6, 2018